## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOYLYN A. BISHOP,
Appellant,

v.

GENERAL SERVICES
ADMINISTRATION,
Agency.

DOCKET NUMBER
DC-0752-15-0121-I-1

DATE: May 8, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joylyn A. Bishop, North Bethesda, Maryland, pro se.

Daniel D'Isidoro, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction because she was not an employee with a right of appeal to the Board.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant was appointed on March 26, 2012, to the position of Student Trainee (Management Analysis) in the excepted service. Initial Appeal File (IAF), Tab 6 at 16. On January 2, 2014, the agency notified the appellant it was terminating her from her position effective January 3, 2014. *Id.* at 12, 14. The appellant initiated a Board appeal on November 3, 2014. IAF, Tab 1 at 1. The agency filed a motion to dismiss in which it asserted that: (1) the Board lacked jurisdiction over the appeal because the appellant was not an employee with appeal rights; and (2) the appeal was untimely filed. IAF, Tab 6 at 8-9. The administrative judge issued an order for the appellant to show that the Board has jurisdiction over her appeal. IAF, Tab 7. The appellant responded to the order and also filed a motion requesting that the administrative judge order the agency to continue paying her while her appeal was pending. IAF, Tabs 8-10. The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 13, Initial Decision (ID) at 1. The administrative judge found that, because the appellant was not a preference-eligible employee, she was required to serve a 2-year probationary or trial period in the excepted service. ID

at 2.  The administrative judge also found that, because the appellant was still serving her probationary or trial period, she did not have the right to bring an appeal to the Board.  ID at 2-3.  The administrative judge did not address the agency's untimeliness argument because the Board lacked jurisdiction over the appeal.  ID at 3.

¶3      The appellant has filed a timely petition for review.  Petition for Review (PFR) File, Tab 1.  The appellant argues that her motion to continue to pay her wages during these proceedings was still pending before the Board.  *Id.* at 4.  The agency has filed a response.

¶4      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Only an "employee" as defined under 5 U.S.C. chapter 75, subchapter II, can appeal to the Board from an adverse action such as a removal.  *Ramirez-Evans v. Department of Veterans Affairs*, 113 M.S.P.R. 297, ¶ 9 (2010); *see* 5 U.S.C. §§ 7511(a)(1), 7512(1), 7513(d).  A nonpreference-eligible individual in the excepted service is an "employee" within the meaning of 5 U.S.C. § 7511 only if she:  (1) is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or (2) has completed 2 years of current continuous service in the same or similar positions in an executive agency under other than a temporary appointment limited to 2 years or less.  5 U.S.C. § 7511(a)(1)(C)(i)-(ii).

¶5      Here, it is undisputed that the appellant was not a preference-eligible employee and that her position was in the excepted service.  IAF, Tab 1 at 2, Tab 6 at 12.  The administrative judge advised the appellant how to show she was an employee under these circumstances.  IAF, Tab 7.  The appellant does not dispute that she had less than 2 years of federal service at the time of her termination.  PFR File, Tab 1; IAF, Tab 1 at 2, Tab 6 at 12.  Thus, the appellant does not satisfy section 7511(a)(1)(C)(ii).  In addition, section 7511(a)(1)(C)(i)

does not apply because the appellant stated on her appeal form that she was serving a probationary or trial period at the time of her termination, and there is no indication she had an initial appointment pending conversion to the competitive service.  IAF, Tab 1 at 2; *see Ramirez-Evans*, 113 M.S.P.R. 297, ¶ 9.  Accordingly, the appellant is not an "employee" who may appeal to the Board under 5 U.S.C. chapter 75.[2]  *See Ramirez-Evans*, 113 M.S.P.R. 297, ¶ 9.

¶6        The appellant alleged, moreover, that she had been harassed and that her termination was in reprisal for her making an equal employment opportunity complaint.  IAF, Tab 1 at 4, 10.  However, because the Board lacks jurisdiction over the appellant's appeal, the Board also lacks jurisdiction over her discrimination claims.  *See Rivera v. Department of Homeland Security*, 116 M.S.P.R. 429, ¶ 16 (2011) (finding that the Board lacked jurisdiction over the appellant's age discrimination and due process claims in light of its lack of jurisdiction over the underlying termination); *see also Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (holding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871 73 (D.C. Cir. 1982).  Finally, the appellant cites no law, rule, or regulation that authorizes the Board to grant her motion for pay continuation; therefore, the Board must deny her motion because it lacks jurisdiction over her appeal.  *See Harris v. U.S. Postal Service*, 89 M.S.P.R. 208, ¶ 4 (2001) (finding that the Board cannot order remedies in the absence of jurisdiction over the underlying personnel action).

---

[2] In light of his finding that the Board lacks jurisdiction over the appellant's claims, the administrative judge appropriately found that she need not reach the issue of timeliness. ID at 3; *see Dean v. U.S. Postal Service*, 115 M.S.P.R. 56, ¶ 13 n.5 (2010) (finding that because the appellant had failed to prove jurisdiction, the Board need not reach the issue of timeliness).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.